IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GIRTHA L. FLAKES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0775-MJR |
| ) | |
| **LITTON LOAN SERVICING** ) | |
| **INCORPORATED, and SALOMON** ) | |
| **BROTHERS REALTY CORP.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 25, 2005, Girtha Flakes filed suit in this Court against Litton Loan Servicing, Inc. and Salomon Brothers Realty Corp. ("Defendants"). With her complaint, Flakes filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Having carefully reviewed Flakes' complaint, this Court **FINDS** that it lacks subject matter jurisdiction over this case. Accordingly, dismissal of Flakes' cause of action is appropriate pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)** and **(h)(3).**

Even if this Court did have jurisdiction over this matter, dismissal would be proper pursuant to **28 U.S.C. § 1915(e)(2).** Section 1915(e)(2) requires federal courts to carefully screen the complaints filed by pauper status movants. This Court must *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

Flakes' complaint does not survive § 1915(e)(2) review. Although she has furnished

an affidavit documenting her indigence, Flakes' action is otherwise deficient. Her action does not state a claim upon which relief can be granted by this Court.

In her complaint, Flakes alleges that the Defendants "failed to keep proper records of [her] loan payments," and "tried to make [her] pay for a second loan" (Doc. 1, p. 3). In addition, Flakes asserts that mortgage payments that she sent to the Defendants "somehow ... [were] misplaced and [were not] recorded [properly]" (Doc. 1, p. 4). Because of the Defendants' actions, Flakes alleges, she suffered from "stress and lots of worry ... high blood pressure, and ... lack of sleep" and was forced to go into bankruptcy (Doc. 1, pp. 3, 5).

Notably, although Flakes claims that the Defendants' alleged conduct "violated [her] rights under the Federal Code" (Doc. 1, p. 5), she fails to mention a specific right or federal statute that the Defendants' actions violated. Having conducted extensive research, the Court is unable to discern a federal cause of action that can be made out by the allegations contained in Flakes' complaint.

Accordingly, the Court **DISMISSES** Flakes' cause of action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED this 8th day of December, 2005.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

2